UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| PAUL SMITH and ALFIE CARTER, each on behalf of himself and all others similarly situated including all participants and beneficiaries in the Krispy Kreme Doughnut Corporation Retirement Savings Plan or the Krispy Kreme Profit Sharing Stock Ownership Plan, | ) ) ) ) ) ) ) | No. 1:05CV00187 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| KRISPY KREME DOUGHNUT CORPORATION, RANDY J. CASSTEVENS, KEN HUDSON, SHERRY LUPER, FRANK MURPHY, PAM PETRO-OTT, MICHAEL C. PHALEN, SHERRY POLONSKY, JEFF THIELEN, SCOTT A. LIVENGOOD, and JOHN N. (JACK) MCALEER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER AND FINAL JUDGMENT

This Action came on for a Fairness Hearing on a proposed settlement (the "Settlement"). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Class Action Settlement Agreement between Plaintiffs and Defendants dated August 15, 2006, as amended by the First Amendment to Class Action Settlement Agreement dated November 6, 2006 (the "Settlement Agreement").

1

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

2. Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

3. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. Subject only to the provisions of paragraph 10 below, and for settlement purposes only, the Court hereby grants class certification to the class of persons defined as: All persons who were participants in or beneficiaries of either the Krispy Kreme Doughnut Corporation Retirement Savings Plan or the Krispy Kreme Profit Sharing Stock Ownership Plan between January 1, 2003 and May 15, 2006 and whose account in either of the Plans included investments in Krispy Kreme Doughnuts, Inc. common stock. Defendants are excluded from the Settlement Class. Paul Smith and Alfie Carter are appointed as class representatives, and Keller Rohrback L.L.P. and Lewis & Roberts P.L.L.C. are appointed as class counsel pursuant to Fed. R. Civ. P. 23(g).

5. Subject only to the provisions of paragraph 10 below, and for settlement purposes only, the Court finds that the Class is properly certified under Fed. R. Civ. P. 23(a)(1-4), (b)(1), (b)(2), (c)(1)(B), (e), and (g), and makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    A. The Settlement Class is so numerous that it is impractical to bring all class members before the Court individually. Plaintiffs assert, and Defendants to not dispute, that the

Class numbers approximately 1,100 persons. The size of this group, and practical considerations related to the difficulty of joinder, satisfies Fed. R. Civ. P. 23(a)(1).

    B.  The Settlement Class allegations present common questions of law or fact in satisfaction of Rule 23(a)(2). Questions of law and fact that are common to the Settlement Class include:

- whether Defendants each owed a fiduciary duty to Plaintiffs and members of the Class;
- whether Defendants breached their fiduciary duties to Plaintiffs and members of the Class by failing to act prudently and solely in the interests of the Plans' participants and beneficiaries;
- whether Defendants breached their fiduciary duties to Plaintiffs and members of the Class by failing to communicate complete and accurate information concerning the risk and fundamental imprudence of investing Plan assets in Company Stock;
- whether Krispy Kreme and the Director Defendants breached their fiduciary duties to Plaintiffs and members of the Class by failing to properly monitor the actions and inactions of Plan fiduciaries appointed by Krispy Kreme and the Director Defendants;
- whether Defendants violated ERISA;
- whether the Plans suffered economic loss on account of the Defendants' breaches of fiduciary duty, and if so, the proper measure of said economic loss; and
- whether Plaintiffs and members of the Class are entitled to declaratory or injunctive relief against the Defendants, and if so, the nature and extent of such relief.

C. Fed. R. Civ. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed Settlement Class members, and where the claims are based on the same legal theory. In the present case, the Named Plaintiffs allege, among other things, that they were participants in the Plans or beneficiaries during the Class Period, that the Plans' fiduciaries treated them and all other Plans participants alike, and that Plans-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Named Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

D. The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The Named Plaintiffs have no conflicting interests with absent members of the Settlement Class. The Court is satisfied that Class Counsel are qualified, experienced, and prepared to represent the Settlement Class to the best of their abilities.

E. The Settlement Class not only satisfies each requirement of Fed. R. Civ. P. 23(a), but also the requirements of Fed. R. Civ. P. 23(b)(1). Given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the Settlement Class would leave future plaintiffs without relief. There is also a risk of inconsistent dispositions that might prejudice the Defendants: contradictory rulings as to whether various Defendants had, in this context, acted as fiduciaries, or whether the Plans' continued investment in Company stock was prudent would create difficulties in implementing such decisions. This is an appropriate case for class certification under Fed. R. Civ. P. 23(b)(1).

F. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2). Plaintiffs allege that the Defendants have "acted or refused to act on grounds generally applicable to the class" by their management of the Plans, which gives rise to claims for Plans-wide relief. Plaintiffs therefore seek injunctive, declaratory, and equitable monetary relief for the Settlement Class, which is the type of claim properly certifiable under Fed. R. Civ. P. 23(b)(2).

G. The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel who seek to represent the Settlement Class in this matter have done substantial work to identify or investigate potential claims in the Action. They have refined the allegations through the Amended Complaint. Class Counsel state that they have investigated the allegations made in the Complaint by careful analysis of the Plans' documents and data, extensive analysis of the legal issues presented, and consulting with experts. This is the type of investigation that is proper and sufficient at this stage of litigation, which tends to support the Court's finding that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel has experience in handling class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel has also demonstrated knowledge of the applicable law. Finally, Class Counsel has devoted considerable resources to this litigation, including the efficient delegation of work and responsibility. The Court concludes that efficient use of the various resources available to Class Counsel has been sufficient to represent the interests of the Settlement Class.

H. The Settlement Class has been given proper and adequate notice of the Settlement Agreement, the Fairness Hearing, Class Counsel's application for attorneys' fees and expenses and for Named Plaintiff Case Contribution Awards, and the Plan of Allocation, such

notice having been carried out in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

  I. The Defendants have not taken any position with regard to whether a class can, should, or would be certified if that question were fully litigated before the Court. In approving this Settlement, neither the Court nor the Plaintiffs have relied on any position taken or argument made by the Defendants with respect to class certification.

  J. Neither the Plaintiffs nor the Defendants have, for the purposes of any form of estoppel, "prevailed" upon any argument or position related to class certification asserted in the Court with respect to this Action and the Plaintiffs would not be prejudiced if (i) this Settlement were not approved or such approval were reversed on appeal and (ii) the Defendants later objected to the certification of any proposed class in this Action.

  6. Subject only to the provisions of paragraph 10 below, the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

  A. The Settlement was negotiated vigorously and at arm's length by the Named Plaintiffs and their experienced counsel on behalf of the Settlement Class seeking plan-wide relief for the Plan pursuant to ERISA §§ 409 and 502(a)(2).

B. This case settled after the parties engaged in settlement negotiations, with the assistance of an experienced mediator, over the course of several months. Both Named Plaintiffs and Defendants were well positioned to evaluate the settlement value of the Action.

C. If the Settlement had not been achieved, both Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. Defendants' Motion to Dismiss has been fully briefed, in which both Plaintiffs and Defendants presented vigorous arguments. The Court takes no position on merits of either Named Plaintiffs' or Defendants' case, but notes the strong disagreement on the merits as evidence in support of the reasonableness of the Settlement.

D. The amount of the Settlement — $4,750,000 — is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case.

E. At all times, the Named Plaintiffs have acted independently.

F. The Court has duly considered each objection to the Settlement that was filed, and the Court denies each objection.

7. Subject only to the provisions of paragraph 10 below, the Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

8. Subject only to the provisions of paragraph 10 below, by operation of this Judgment, the members of the Settlement Class, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the Defendant Releasees from all Released Claims, and the Defendants, each on their own behalf and on behalf of their respective

heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the Plaintiff Releasees from all Claims relating to the institution or prosecution of the Action or the settlement of any Released Claims. Each of the Releasees also releases each of the other Releasees from any and all Claims which were or could have been asserted in the Complaint or any pleading which could or would have been required to be filed in the Action or that would be barred by principles of *res judicata* had the claims asserted in the Complaint or any such other pleading been fully litigated and resulted in a Final judgment or order. The Court hereby approves and incorporates the Releases contained in the Settlement Agreement.

9. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate order with respect to (i) the Plan of Allocation that has been proposed by Named Plaintiffs and (ii) all applications for Case Contribution awards, awards of attorneys' fees and reimbursements of expenses made pursuant to Section 9.2 of the Settlement Agreement.

10. In the event that the Settlement Agreement is terminated in accordance with its terms, (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) the Action shall proceed as provided in the Settlement Agreement, (iii) the Defendants shall be permitted to object to the certification of any proposed class in this Action, and (iv) the Defendants shall not be judicially or equitably estopped from arguing against the certification of any class in this Action.

8
Case 1:05-cv-00187-WLO Document 86 Filed 01/10/07 Page 8 of 10

11. This Judgment shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or Defendants of any fault, wrongdoing, breach, or liability.

SO ORDERED this 10th day of January, 2007.

*William L. Osteen*
HON. WILLIAM L. OSTEEN
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH
CAROLINA

<u>Paul Smith, et al. v. Krispy Kreme Doughnut Corporation, et al.</u>
U.S.D.C., M.D.N.C.
Case No. 1:05 CV 00187 (WGB)

Service List

| | |
|---|---|
| Adam H. Charnes<br>**KILPATRICK STOCKTON, L.L.P.**<br>1001 W. Fourth Street<br>Winston-Salem, NC 27101<br>Phone: (336) 607-7382<br>Fax: (336) 734-2602<br>acharnes@kilpatrickstockton.com<br><br>James H. Kelley, Jr.<br>**KILPATRICK STOCKTON, L.L.P.**<br>1001 W. Fourth Street<br>Winston-Salem, NC 27101<br>Phone: (336) 607-7351<br>Fax: (336) 734-2625<br>jkelly@kilpatrickstockton.com<br><br>Rene E. Thorne<br>Howard Shapiro<br>Stacey Cerrone<br>**PROSKAUER ROSE LLP**<br>LL&E Tower<br>909 Poydras Street, Suite 1100<br>New Orleans, LA 70112-4012<br>Phone: (504) 310-4090<br>Fax: (504) 310-2022<br>rthorne@proskauer.com<br>howshapiro@proskauer.com<br>*Counsel for Krispy Kreme Doughnut Corporation, Randy J. Casstevens, Ken Hudson, Frank Murphy, Michael C. Phalen, Sherry Luper, Sherry Polonsky, John N. McAleer, and Jeff Thielen* | Kenneth J. Gumbiner<br>Michael S. Fox<br>Cynthia Munk Swindlehurst<br>**TUGGLE DUGGINS & MESCHAN, P.A.**<br>228 West Market Street<br>P.O. Box 2888<br>Greensboro, NC 27402-2888<br>Phone: (336) 378-1431<br>Direct: (336) 271.5256<br>Fax: (336) 274-6590<br>kgumbiner@tuggleduggins.com<br><br>Wayne A. Schrader<br>F. Joseph Warin<br>Dustin K. Palmer<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue N.W.<br>Washington, D.C. 20036<br>Phone: (202) 955-8500<br>Fax: (202) 530-9592<br>wschrader@gibsondunn.com<br>fwarin@gibsondunn.com<br>dpalmer@gibsondunn.com<br><br>Cynthia Munk Swindlehurst<br>**TUGGLE DUGGINS & MESCHAN**<br>P.O. Box 2888<br>Greensboro, NC 27402<br>Phone: (336) 271-5240<br>Fax: (336) 274-6590<br>cswindlehurst@tuggleduggins.com<br>*Counsel for Defendant Scott Livengood* |

N:\clients\26737\1\settlement\FinalOrder110606.doc