UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| PAUL SMITH and ALFIE CARTER, each on behalf of himself and all others similarly situated including all participants and beneficiaries in the Krispy Kreme Doughnut Corporation Retirement Savings Plan or the Krispy Kreme Profit Sharing Stock Ownership Plan, | ) ) ) ) ) ) ) ) | No. 1:05CV00187 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| KRISPY KREME DOUGHNUT CORPORATION, RANDY J. CASSTEVENS, KEN HUDSON, SHERRY LUPER, FRANK MURPHY, PAM PETRO-OTT, MICHAEL C. PHALEN, SHERRY POLONSKY, JEFF THIELEN, SCOTT A. LIVENGOOD, and JOHN N. (JACK) MCALEER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES, AND FOR NAMED PLAINTIFFS' COMPENSATION

This matter comes before the Court on the Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and for Named Plaintiffs' Compensation. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a hearing on these issues, under Fed. R. Civ. P. 23(e), on January 10, 2007.

The Court has reviewed the materials submitted by the parties, and has heard arguments presented at such hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

For the reasons set forth in Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and for Named Plaintiffs' Compensation, and the memorandum, affidavits and declarations presented in support of same, Plaintiffs' motion is granted.

### *Attorneys' Fees*

On the question of attorneys fees, the Court finds that in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery. *DeLoach v. Philip Morris Cos.*, No. 00-1235, 2003 WL 23094907, at *3 (M.D.N.C. 2003) (citing with approval *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 215 (D. Me. 2003); *In re Microstrategy, Inc. Sec. Litig.*, 172 F. Supp. 2d 778, 787 (E.D. Va. 2001); *In re Vitamins Antitrust Litig.*, MDL No. 1285, 2001 WL 34312839, at *3 (D.D.C. July 16, 2001)). *See also Manual for Complex Litigation* § 14.121 (4th ed. 2004) ("the vast majority of courts of appeals . . . permit or direct district courts to use the percentage-fee method in common-fund case").

Plaintiffs and Class Counsel request attorneys' fees of $1,235,000 (equal to 26% of the cash recovered for the class). To determine the reasonableness of the fee award sought by Class Counsel in this action, this Court has considered each of the factors derived from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), which were adopted by Fourth Circuit adopted in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), which include:

> (1) time and labor expended;
>
> (2) novelty and difficulty of the questions raised;

(3) skill required to properly perform the legal services;

(4) attorney's opportunity costs in pressing the litigation;

(5) customary fee for like work;

(6) attorney's expectation at the outset of litigation;

(7) time limitations imposed by the client or circumstances;

(8) amount in controversy and results obtained;

(9) experience, reputation and ability of the attorney;

(10) undesirability of the case within the legal community in which the suit arose;

(11) nature and length of the professional relationship between the attorney and client; and

(12) fee awards in similar cases.

*In re Microstrategy, Inc. Sec. Litig.*, 172 F. Supp. 2d 778, 786 (E.D. Va. 2001) (citing *Barber*, 577 F.2d at 226, with only minor variations).

### 1. Time and Labor Expended

As demonstrated by the record in this case, Class Counsel dedicated significant time and effort to pursuing litigation on behalf of the class. The time and labor expended to date (at least 1089 hours of attorney time and 772 hours of paralegal time) tends to support the reasonableness of the requested fee award.

### 2. Novelty and Difficulty of the Questions Raised

ERISA law is a highly complex and quickly-evolving area of the law. The novelty and difficulty of the questions raised tends to support the reasonableness of the requested fee award.

### 3. Skill Required to Properly Perform the Legal Services

The Court recognizes that it takes skilled counsel to manage a nationwide class action, carefully analyze the facts and legal claims and defenses under ERISA, and bring a complex case

to the point at which settlement is a realistic possibility. Additional skill is required when the opponent is a sophisticated corporation with sophisticated counsel. This factor tends to support the reasonableness of the requested fee award.

### 4. Attorney's Opportunity Costs in Pressing the Litigation

Class Counsel note that there were many times when the demands of this litigation precluded other paying work, but Class Counsel has not quantified its opportunity cost of pursuing this case. As it is unquantified, this factor does not tend to support the reasonableness of the requested fee award.

### 5. Customary Fee for like Work

In this jurisdiction, contingent fees of one-third (33.3%) are common. This factor provides support for the reasonableness of the requested fee award.

### 6. Attorney's Expectation at Outset of Litigation

Class Counsel have informed the Court that their expectation at the outset of this case was that Defendants would present a vigorous defense. Indeed, Defendants filed comprehensive motions to dismiss, which is consistent with the expectation of Class Counsel. This factor tends to support the reasonableness of the requested fee award.

### 7. Time Limitations Imposed by the Client or Circumstances

Class Counsel notes that there were many times when the demands of this litigation precluded other paying work. This factor tends to support the reasonableness of the requested fee award. *Johnson*, 488 F.2d at 718 ("priority work that delays the lawyer's other work is entitled to some premium").

### 8. Amount in Controversy and Results Obtained

Class Counsel has informed the Court that it is accurate to characterize the amount in controversy as between $11.7 to $12.2 million (exclusive of attorneys fees Defendants might become liable to pay under ERISA's fee-shifting provision).

The proposed settlement results in a $4.75 million cash common fund for the Class and also creates additional economic value for the Class, valued at approximately $3.82 million.

The proposed settlement, considered as a percentage of the conservatively-estimated potential recovery, represents a highly favorable recovery for the Plans and the Class. This factor tends to support the reasonableness of the requested fee award.

### 9. Experience, Reputation and Ability of the Attorney

Class Counsel have provided information showing that they are very experienced in successfully handling class actions, and specifically class actions in relation to ERISA 401(k) plans. Keller Rohrback L.L.P. has a national reputation in this field. Likewise, Lewis & Roberts P.L.L.C. has an outstanding reputation in this District. The experience, reputation and ability of Class Counsel strongly supports the reasonableness of the requested fee award.

### 10. Undesirability of the Case within the Legal Community in which the Suit Arose

Class Counsel have advised the Court that no other law firms or claimants stepped forward to seek recovery on behalf of the Krispy Kreme ERISA plans, and they have explained why the case may have been viewed as economically and logistically unattractive to any but the most experienced and specialized counsel. This lack of interest by others in the legal community tends to support the reasonableness of the requested fee award.

### 11. Nature and Length of the Professional Relationship between the Attorney and Client

Class Counsel did not have professional relationships with either Named Plaintiff prior to this litigation. This factor tends to support the reasonableness of the requested fee award.

### 12. Fee Awards in Similar Cases

Class Counsel have cited numerous similar cases in which courts have awarded percentage fees of 25% or more. Class Counsel's request for 26% of the cash recovered for the Class is reasonable under this factor.

In conclusion, consideration of each factor related to the reasonableness of a 26% fee in this case tends to support the fairness and adequacy of Class Counsel's request. It is also noteworthy that no-one has objected to the requested fee.

It is not necessary for the Court to conduct a lodestar analysis, but if one were to "cross-check" the requested 26% fee against the range of reasonable fee awards under a lodestar analysis, it is apparent that a "lodestar cross-check" confirms the reasonableness of the requested percentage fee. Class Counsel has devoted at least 1089 hours of attorney time and 772 hours of paralegal time, with a straight-time value of approximately $700,000. Considering the additional services that Class Counsel may be required to provide if the Settlement is approved, the total straight-time value of Class Counsel's services is in the likely range of $780,000. Thus, the 26% fee award requested here ($1,235,000), constitutes a multiplier of approximately 1.6 over the lodestar. This is a modest risk multiplier. The close association between the percentage fee requested and the fee one would expect from a lodestar analysis tends to confirm the reasonableness of the percentage fee requested by Class Counsel.

Class Counsel's request for a fee $1,235,000 (equal to 26% of the cash recovered for the class), is hereby approved as fair and reasonable.

*Reimbursement of Expenses*

An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved. 1 Alba Conte, *Attorney Fee Awards* § 2:08, at 50-51 (3d ed. 2004) ("The prevailing view is that expenses are awarded in addition to the fee percentage").

Here, Class Counsel have advanced or incurred $87,433.32 in expenses to date.[1] The Court has reviewed Class Counsel's detailed listing of expenses and the expenses incurred appear to be fair and reasonable. The Class Notice informed the class that counsel's expenses might be as high as $110,000, but the actual expenses are much less. No objections were lodged concerning the higher amount, so it is clear that no class member would object to the smaller amount now requested.

Class Counsel's request for reimbursement of actual expenses incurred to date totaling $87,433.32 is hereby approved as fair and reasonable.

*Case Contribution Awards*

At the conclusion of a successful class action case, it is common for courts, exercising their discretion, to award special compensation to the class representatives in recognition of the time and effort they have invested for the benefit of the class. *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (an ERISA class action). Here, Plaintiffs and Class Counsel request that Mr. Smith and Mr. Carter each receive a case contribution award of $15,000 reflecting their efforts on behalf of the Class, No one has objected to this request.

---

[1] This figure excludes the expense of issuing class notice and supplemental class notice, which the Court has already Ordered to be paid from the Settlement Fund. Findings and Order Preliminarily Certifying a Class for Settlement Purposes, Preliminarily Approving Proposed Settlement, Approving Form and Dissemination of Class Notice, and to Set Hearing on Final Approval ¶ 8, dated September 27, 2006.

Plaintiffs' request that the named plaintiffs receive case contribution awards of $15,000 each is hereby approved as fair and reasonable.

*Order*

NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED that:

Attorneys fees are hereby awarded to Class Counsel in the amount of $1,235,000 (which represents 26% of the cash recovery obtained by the Class), to be paid from the common fund established for the Class.

Expenses of litigation are hereby awarded to Class Counsel in the amount of $87,433.32 as reimbursement of expenses actually and reasonably incurred for the benefit of the Class, to be paid from the common fund established for the Class.

Mr. Paul Smith and Mr. Alfie Carter are hereby awarded $15,000 each as case contribution awards, to be paid from the common fund established for the Class.

SO ORDERED this 10th day of January, 2007.

HON. WILLIAM L. OSTEEN
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
NORTH CAROLINA

Paul Smith, et al. v. Krispy Kreme Doughnut Corporation, et al.
U.S.D.C., M.D.N.C.
Case No. 1:05 CV 00187 (WGB)

Service List

| Adam H. Charnes<br>**KILPATRICK STOCKTON, L.L.P.**<br>1001 W. Fourth Street<br>Winston-Salem, NC 27101<br>Phone: (336) 607-7382<br>Fax: (336) 734-2602<br>acharnes@kilpatrickstockton.com<br><br>James H. Kelley, Jr.<br>**KILPATRICK STOCKTON, L.L.P.**<br>1001 W. Fourth Street<br>Winston-Salem, NC 27101<br>Phone: (336) 607-7351<br>Fax: (336) 734-2625<br>jkelly@kilpatrickstockton.com<br><br>Rene E. Thorne<br>Howard Shapiro<br>Stacey Cerrone<br>**PROSKAUER ROSE LLP**<br>LL&E Tower<br>909 Poydras Street, Suite 1100<br>New Orleans, LA 70112-4012<br>Phone: (504) 310-4090<br>Fax: (504) 310-2022<br>rthorne@proskauer.com<br>howshapiro@proskauer.com<br>*Counsel for Krispy Kreme Doughnut Corporation, Randy J. Casstevens, Ken Hudson, Frank Murphy, Michael C. Phalen, Sherry Luper, Sherry Polonsky, John N. McAleer, and Jeff Thielen* | Kenneth J. Gumbiner<br>Michael S. Fox<br>Cynthia Munk Swindlehurst<br>**TUGGLE DUGGINS & MESCHAN, P.A.**<br>228 West Market Street<br>P.O. Box 2888<br>Greensboro, NC 27402-2888<br>Phone: (336) 378-1431<br>Direct: (336) 271.5256<br>Fax: (336) 274-6590<br>kgumbiner@tuggleduggins.com<br><br>Wayne A. Schrader<br>F. Joseph Warin<br>Dustin K. Palmer<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue N.W.<br>Washington, D.C. 20036<br>Phone: (202) 955-8500<br>Fax: (202) 530-9592<br>wschrader@gibsondunn.com<br>fwarin@gibsondunn.com<br>dpalmer@gibsondunn.com<br><br>Cynthia Munk Swindlehurst<br>**TUGGLE DUGGINS & MESCHAN**<br>P.O. Box 2888<br>Greensboro, NC 27402<br>Phone: (336) 271-5240<br>Fax: (336) 274-6590<br>cswindlehurst@tuggleduggins.com<br>*Counsel for Defendant Scott Livengood* |